YURI MIKULKA, SBN 185926
(ymikulka@sycr.com)
SARAH S. BROOKS, SBN 266292
(sbrooks@sycr.com)
STRADLING YOCCA CARLSON &
RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

Attorneys for Plaintiff
SPORT DIMENSION, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPORT DIMENSION, INC., a California Corporation | CASE NO.: |
| Plaintiff, | **PLAINTIFF SPORT DIMENSION, INC.'S COMPLAINT FOR A DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY** |
| vs. | |
| THE COLEMAN COMPANY, INC., a Delaware Corporation | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1
**COMPLAINT**

LITIOC/2087856v1/102566-0000

Plaintiff Sport Dimension, Inc. ("Plaintiff" or "Sport Dimension"), by its undersigned counsel, hereby brings the following Complaint for a Declaratory Judgment of Patent Non-Infringement and Invalidity against The Coleman Company, Inc. ("Defendant" or "Coleman") and avers as follows:

### THE PARTIES

1.      Sport Dimension is a corporation organized under the laws of the State of California and has its principal place of business at 966 Sandhill Avenue, Carson, California 90746.

2.      Upon information and belief, Defendant is a corporation organized under the laws of the State of Delaware and has its principal place of business at 3600 North Hydraulic, Wichita, Kansas 67219.

### JURISDICTION AND VENUE

3.      This is an action brought under the Federal Declaratory Judgment Act, 28 U.S.C. Sections 2201 and 2202.  This Court also has original and exclusive jurisdiction over actions relating to patents pursuant to 28 U.S.C. Sections 1331 and 1338(a).

4.      This Court has jurisdiction over Defendant because, upon information and belief, the Defendant regularly conducts business in this judicial district, derives revenue from goods sold in this judicial district, and sells the goods at issue in this judicial district.

5.      Venue is proper in this district pursuant to 28 U.S.C. Section 1391(b)-(d).

### BACKGROUND

6.      Sport Dimension is a sports equipment and apparel company that has been operating in Southern California for 16 years.

7.      Sport Dimension is in the business of developing, manufacturing, selling and distributing innovative water sports related equipment, including wet suits, personal floatation devices ("PFDs"), body boards, sea scooters, masks and

2

**COMPLAINT**

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2087856v1/102566-0000

1  fins, among other products.  Sport Dimension sells its products under the Body
2  Glove brand, as well as other well-known brands.

3       8.     Upon information and belief, Defendant sells and distributes outdoor
4  sport equipment, including camping equipment and PFDs.

5       9.     Upon information and belief, Defendant is the assignee of U.S. Patent
6  No. D623,714 ("the '714 patent") entitled "Personal Floatation Device".  A true
7  and correct copy of the '714 patent is attached hereto as Exhibit A.

8       10.    Upon information and belief, Defendant sells a particular type of child
9  PFD that it calls a "Puddle Jumper."

10      11.    According to the Coleman website, the design of the Puddle Jumper
11 allows children "to move and swim freely in pools and lakes and at the beach,
12 without the life jacket riding up around their necks."

13      12.    Defendant claims that the 'Puddle Jumper" is covered by the '714
14 patent.

15      13.    On August 9, 2013, Defendant sent Sport Dimension a letter accusing
16 one of Sport Dimension's PFDs for children ("Body Glove PFD") of infringing the
17 '714 patent.

18      14.    Defendant's August 9, 2013 letter demanded that Sport Dimension
19 cease and desist all "manufacturing, importing, distributing, selling and/or offering
20 for sale in the United States" of its Body Glove PFD.

21      15.    Unlike Coleman's Puddle Jumper, the Body Glove PFD is akin to a
22 traditional life vest because it provides coverage and support for the child's body
23 and neck.

24      16.    From August 2013 through December 2013, Sport Dimension and
25 Defendant exchanged correspondence regarding Coleman's accusations of Sport
26 Dimension's alleged infringement of the '714 patent.

27      17.    Sport Dimension denies that it infringes the '714 patent.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

3
**COMPLAINT**

LITIOC/2087856v1/102566-0000

18. On December 6, 2013, Defendant sent another letter to Sport Dimension stating, among other things, that "The Coleman Company stands ready to take appropriate legal action to enforce its intellectual property rights."

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment of Non-infringement of the '714 patent

19. Sport Dimension incorporates by reference the allegations in paragraphs 1-18 as though set forth fully herein.

20. An actual case or controversy exists between Sport Dimension and Defendant.

21. Defendant accuses Sport Dimension of infringing the '714 patent and Sport Dimension contends that it does not infringe the '714 patent.

22. Sport Dimension and Defendant are unable to resolve this dispute without Court intervention.

23. There is a substantial and continuing controversy between Sport Dimension and Defendant as to whether Sport Dimension infringes the '714 patent and whether the '714 patent is valid.

24. Given the existence of an actual case and controversy between Sport Dimension and Defendant, a decree by the Court that Sport Dimension does not infringe the '714 patent and that the patent is invalid is necessary.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of the '714 patent

25. Sport Dimension incorporates by reference the allegations in paragraphs 1-24 as though set forth fully herein.

26. An actual case or controversy exists between Sport Dimension and Defendant as set forth above.

27. Upon information and belief, Defendant is the assignee of the '714 patent entitled "Personal Floatation Device."

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4
**COMPLAINT**

28.     The '714 patent is invalid including but not limited to because it is primarily functional, per 35 U.S.C. § 171.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sport Dimension, Inc. prays for judgment against Defendant The Coleman Company, Inc. as follows:

1.     For a judicial determination and declaration that Plaintiff does not infringe U.S. Patent No. D623,714.

2.     For a judicial determination and declaration that U.S. Patent No. D623,714 is invalid.

3.     For recovery of attorneys' fees and costs pursuant to 35 U.S.C. §285 and as deemed just and equitable by this Court.

4.     For such other and further relief the Court deems just and equitable.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Sport Dimension hereby demands a trial by jury on all issues so triable.


DATED:  January 21, 2014            STRADLING YOCCA CARLSON &
                                    RAUTH


                                    By:   /s/Sarah S. Brooks
                                          YURI MIKULKA
                                          SARAH S. BROOKS
                                          Attorneys for Plaintiff
                                          SPORT DIMENSION, INC.

**COMPLAINT**

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2087856v1/102566-0000