1  Michael R. Annis (*pro hac vice*)
   mike.annis@huschblackwell.com
2  Mark R. Falkowski (*pro hac vice*)
   mark.falkowski@huschblackwell.com
3  Marnie Jensen (*pro hac vice*)
   marnie.jensen@huschblackwell.com
4  **HUSCH BLACKWELL LLP**
   190 Carondelet Plaza, 6th Floor
5  St. Louis, Missouri 63105
   (314) 480-1500
6  Facsimile: (314) 480-1505

7  Anne Marie Ellis
   annemarie.ellis@arentfox.com
8  **ARENT FOX LLP**
   555 West Fifth Street, 48th Floor
9  Los Angeles, CA 90013
   (213) 629-7400
10 Facsimile: (213) 629-7401

11 Attorneys for Defendant/Counterclaimant
12 THE COLEMAN COMPANY, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| SPORT DIMENSION, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> vs. <br><br> THE COLEMAN COMPANY, INC., <br><br> Defendant/Counterclaimant. | **CASE NO.:** 2:14-cv-00438-BRO-MRW <br><br> Hon. Beverly O'Connell, Courtroom: 14 <br><br> **COLEMAN'S OPENING DESIGN PATENT CLAIM CONSTRUCTION BRIEF (<u>REDACTED</u>)** <br><br> Claim Construction Hearing: <br> Date: November 17, 2014 <br> Time: 1:30 p.m. <br><br> Trial Date: June 2, 2015 |

# TABLE OF CONTENTS

| | Page |
|---|---:|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| I. THE LAW OF DESIGN PATENT CLAIM CONSTRUCTION | 1 |
| II. THE BEST DESCRIPTIONS OF THE CLAIMED DESIGN PATENTS ARE THE FIGURES ILLUSTRATING THOSE DESIGNS | 2 |
| III. THE COURT SHOULD CONSTRUE THE CLAIM OF THE D'714 PATENT BASED SOLELY ON THE DRAWINGS | 5 |
| IV. THE LAW OF DESIGN PATENT FUNCTIONALITY | 6 |
|     A. Functionality is a Defense to an Infringement Claim | 6 |
|     B. The Court Should Determine Whether There Are Any Purely Functional Elements Only on a Full Record at the Conclusion of all Evidence | 6 |
|     C. Discovery Secured to Date Shows No Aspect of The D'714 Patent is "Functional" | 8 |
| V. CONCLUSION | 11 |

# TABLE OF AUTHORITIES

Page(s)

CASES

*180s, Inc. v. Gordini U.S.A., Inc.*,
    699 F.Supp.2d 714 (D. Md. 2010) ............................................................... 4

*ADC Telecomms., Inc. v. Panduit Corp.*,
    200 F.Supp.2d 1022 (D. Minn. 2002) ........................................................... 7

*American Beverage Corp. v. Diageo North America, Inc.*,
    936 F.Supp.2d 555 (W.D. Pa. 2013) ............................................................. 4

*Apple, Inc. v. Samsung Electronics Co., Ltd.*,
    2012 WL 3071477 (N.D. Cal. 2012) ............................................................ 7

*Apple, Inc. v. Samsung Electronics Co., Ltd.*,
    678 F.3d 1314 (Fed. Cir. 2012) .................................................................... 7

*Best Lock Corp. v. Ilco Unican Corp.*,
    94 F.3d 1563 (Fed. Cir. 1996) ................................................................ 9, 10

*Blackberry Limited v. Typo Products LLC*,
    2014 WL 1318689 (N.D. Cal. 2014) ............................................................ 3

*Butler v. Balkamp Inc.*,
    2014 WL 4370691 (S.D. Ind. 2014) ............................................................. 3

*Carlini Enterprises, Inc. v. Paul Yaffe Design, Inc.*,
    2014 WL 4060026 (C.D. Cal. 2014) ............................................................ 3

*Crocs, Inc. v. ITC*,
    598 F.3d 1294 (Fed. Cir. 2010) .................................................................... 2

*Dahon North America, Inc. v. Hon*,
    2012 WL 6549146 (C.D. Cal. 2012) ............................................................ 4

*Degelman Industries Ltd. v. Pro-Tech Welding and Fabrication, Inc.*,
    2011 WL 6754048 (W.D.N.Y. 2011) ........................................................... 4

*DePaoli v. Daisy Mfg. Co., Inc.*,
  2009 WL 2145721 (D. Mass. 2009) .................................................................. 7

*Dexas Int'l, Ltd. v. Tung Yung Int'l, Inc.*,
  2008 WL 4831348 (E.D. Tex. 2008) .................................................................. 7

*Dobson v. Dornan*,
  118 U.S. 10 (1886) ........................................................................................ 2, 3

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
  543 F.3d 665 (Fed. Cir. 2008) ......................................................... 2, 3, 4, 6, 7, 9

*Good Sportsman Marketing LLC v. Li& Fung Ltd.*,
  2010 WL 2640385 (E.D. Tex. 2010) ................................................................. 4

*Hutzler Mfg. Co., Inc. v. Bradshaw Intern., Inc.*,
  2012 WL 3031150 (S.D.N.Y. 2012) .................................................................. 4

*Keurig, Inc. v. JBR, Inc.*,
  2013 WL 2304171 (D. Mass. 2013) .................................................................. 4

*L.A. Gear, Inc. v. Thom McAn Shoe Co.*,
  988 F.2d 1117 (Fed Cir. 1993) .................................................................... 6, 10

*Legler v. Exxel Outdoors, Inc.*,
  2014 WL 3727566 (E.D. Wis. 2014) ................................................................ 3

*Luv n' Care, Ltd. v. Mayborn USA, Inc.*,
  898 F.Supp.2d 634 (S.D.N.Y. 2012) ................................................................. 4

*Pride Family Brands, Inc. v. Carl's Patio, Inc.*,
  992 F.Supp.2d 1214 (S.D. Fla. 2014) ............................................................ 3, 4

*Richardson v. Stanley Works, Inc.*,
  597 F.3d 1288 (Fed. Cir. 2010) ................................................................. 2, 3, 6

*Sofpool, LLC v. Intex Rec. Corp.*,
  2007 WL 4522331 (E.D. Tex. 2007) ................................................................. 7

1  *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc.*,
2      2012 WL 5379144 (C.D. Cal. 2012) .................................................. 4
3  *Sun-Mate Corp. v. Koolatron Corp.*,
4      2011 WL 3322597 (C.D. Cal. 2011) .................................................. 4
5  *Terlep v. Brinkmann Corp.*
6      418 F.3d 1374 (Fed. Cir. 2005) ......................................................... 2
7  *Wallace v. Ideavillage Products Corp.*,
8      2014 WL 4637216 (D.N.J. 2014) ...................................................... 3

**OTHER AUTHORITIES**

35 U.S.C. § 132 ............................................................................................. 6
35 U.S.C. § 282 ............................................................................................. 6
Fed. R. Civ. P. 26(a) .....................................................................................
37 C.F.R. § 1.121 ......................................................................................... 6
MPEP § 1503.01 ........................................................................................... 2
MPEP § 1503.02 ........................................................................................... 5
MPEP § 1503.04 ........................................................................................... 6

The Coleman Company, Inc. ("Coleman") asserts in this case infringement of U.S. Design Patent No. D 623,714 (the "D'714 Patent") entitled "personal flotation device." This matter is now before the Court on its order to review possible construction of the single claim of the D'714 Patent. As shown below, the Court should construe the claim of the D'714 Patent as follows:

> The ornamental design for a personal flotation device as shown in Figs. 1-8. The broken line showing is for illustrative purposes only and forms no part of the claimed design.

Here, Plaintiff/Counterclaim Defendant Sport Dimension, Inc. ("Sport Dimension") asks this Court to do exactly what the Federal Circuit warns against - provide a detailed verbal description of the D'714 Patent's claim. In addition, Sport Dimension asks this Court to render a determination, on less than a full evidentiary record, as to whether the design claimed in the D'714 Patent is purely functional - a position not supported by law. "Functionality" is a defense to design patent infringement to which Sport Dimension bears a clear and convincing burden of proof.

As is more fully set forth below, the drawing or figures of a design patent are the best description of the patent's scope. Any determination of "functionality" of the D'714 Patent should be made only on a full record, at the conclusion of all evidence at trial on the merits. As Sport Dimension itself admits, there has been limited discovery in this case to date, and the record on "functionality" is far from being fully developed.

I. THE LAW OF DESIGN PATENT CLAIM CONSTRUCTION

Design patents, unlike utility patents, do not include a detailed written description or claims made up of words. Design patents, on the other hand, consist of a single claim which is bound by its drawings or figures – the patent does not use words to define the scope of its claim. A design patent is "typically claimed as shown in the

drawings," See *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008), as is the D'714 Patent. (*See* Complaint [Dkt. 1], Exh. A ("CLAIM: The ornamental design for a personal floatation device as shown and described....The broken lines showing is for illustrative purposes only and forms no part of the claimed design.")

      Construing the written claims of a utility patent is a way to simplify what is often technical, terse language in order to help a trier of fact understand the scope of the patent's claims. *Terlep v. Brinkmann Corp.*, 418 F.3d 1374, 1379 (Fed. Cir. 2005). However, design patents fundamentally differ from utility patents. A utility patent protects the way an article is used and works (35 U.S.C. § 101), while a design patent protects the way an article looks (35 U.S.C. § 171). As such, a design patent "is better represented by an illustration than it could be by any description." *Egyptian Goddess*, 543 F.3d at 679, citing *Dobson v. Dornan*, 118 U.S. 10, 14, 6 S.Ct. 946, 30 L.Ed 63 (1886); *accord Manual of Patent Examining Procedure* ("MPEP")§ 1503.01. "Given the recognized difficulties entailed in trying to describe a design in words, the preferable course" is for the Court "to refrain from providing a detailed verbal description of the claimed design." *Egyptian Goddess*, 543 F.3d at 679.

## II.  THE BEST DESCRIPTIONS OF THE CLAIMED DESIGN PATENTS ARE THE FIGURES ILLUSTRATING THOSE DESIGNS

      As noted above, the Federal Circuit has made clear that district courts should refrain from providing a detailed verbal description in construing design patents. "[M]isplaced reliance on a detailed verbal description of the claimed design risks undue emphasis on particular features of the design rather than examination of the design as a whole." *Crocs, Inc. v. ITC*, 598 F.3d 1294, 1302 (Fed. Cir. 2010); *accord Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1294 (Fed. Cir. 2010) ("design patents are typically claimed according to their drawings, and claim construction must be adapted

to a pictorial setting"). "[A] design patent is better represented by an illustration 'than it could be by any description.'" *Id.* at 679 (Fed. Cir. 2008) (quoting *Dobson v. Dornan*, 118 U.S. 10, 14 (1886)). After all, the sole claim of the D'714 Patent is as follows: "The ornamental design for a personal flotation device as shown and described". The D'714 Patent consists solely of drawings, namely, Figures 1-8.

Except in the rarest of circumstances, district courts following the *Egyptian Goddess* and *Richardson* cases take the preferred course of adapting claim construction to a pictorial setting, that is, "as shown and described" in the drawings of the subject design patent. As an example, Judge Wright recently chose to forego providing a detailed verbal description in claim construction involving two design patents for motorcycle handlebars. *Carlini Enterprises, Inc. v. Paul Yaffe Design, Inc.*, 2014 WL 4060026 (C.D.Cal. Aug. 15, 2014). Judge Wright concluded that a proposed detailed description would be more cumbersome than beneficial to a trier of fact, as suggested by *Egyptian Goddess*. *Id.* at *3. The court properly followed the guidance of *Egyptian Goddess* and construed the claims of the design patents as "the ornamental design… shown in" the figures of the subject design patent. *Id.* at *3-4.

Other courts confronted with a request for a detailed verbal or written construction have likewise agreed that the same is not appropriate in design patent claim construction. *See Wallace v. Ideavillage Products Corp.*, 2014 WL 4637216, at *3 (D.N.J. Sept. 15, 2014) (construing claims based solely on figures); *Butler v. Balkamp Inc.*, 2014 WL 4370691, at *2 (S.D.Ind. Sept. 3, 2014) (denying defendants request for a detailed verbal claim construction of design patent); *Legler v. Exxel Outdoors,Inc.*, 2014 WL 3727566, at *1 (E.D.Wis. July 29, 2014) ("[T]he Court construes the claim by reference to the figures in the patent and without a detailed verbal claim construction."); *Blackberry Limited v. Typo Products LLC*, 2014 WL 1318689, at *3 (N.D.Cal. March 28, 2014) (finding written claim construction neither necessary nor helpful for design patent); *Pride Family Brands, Inc. v. Carl's Patio, Inc.*,

992 F.Supp.2d 1214, 1224 (S.D.Fla. 2014) (construing the claims of the design patents solely as incorporating the figures contained therein); *Keurig, Inc. v. JBR, Inc.*, 2013 WL 2304171, at *3 (D.Mass. May 24, 2013) (declining to construe the claims of the design patent at issue with descriptive language); *American Beverage Corp. v. Diageo North America, Inc.*, 936 F.Supp.2d 555, 586 (W.D.Pa. 2013) (construing the claimed design according to the figures); *Dahon North America, Inc. v. Hon*, 2012 WL 6549146, at *3 (C.D.Cal. Dec. 14, 2012) ("The Court is not persuaded in this case that it needs to verbally separate the ornamental aspects of the patented design from the functional aspects—it is the overall appearance that is important."); *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc.*, 2012 WL 5379144, at *3 (C.D.Cal. Oct. 31, 2012) (electing to construe the single claim of the design patent as shown in its drawing); *Luv n' Care, Ltd. v. Mayborn USA, Inc.*, 898 F.Supp.2d 634, 644-45 (S.D.N.Y. 2012) ("The claim is limited to what is shown in the drawings."); *Hutzler Mfg. Co., Inc. v. Bradshaw Intern., Inc.*, 2012 WL 3031150, at *5 (S.D.N.Y. July 25, 2012) ("[T]his Court will not provide a detailed verbal description . . . and will rely instead on the illustrations set out in the patents."); *Sun-Mate Corp. v. Koolatron Corp.*, 2011 WL 3322597, at *3 (C.D.Cal. Aug. 1, 2011) (relying on illustrations contained in the design patents at issue in claim construction); *Degelman Industries Ltd. v. Pro-Tech Welding and Fabrication, Inc.*, 2011 WL 6754048, at *5 (W.D.N.Y. May 27, 2011) (construing design patents at issue as set forth in the drawings of the patents); *Good Sportsman Marketing LLC v. Li& Fung Ltd.*, 2010 WL 2640385, at *4 (E.D.Tex. June 29, 2010) ("[T]he Court finds the claimed design is best represented by the illustration contained in the patent."); *180s, Inc. v. Gordini U.S.A., Inc.*, 699 F.Supp.2d 714, 728-29 (D.Md. 2010) ("A verbal construction is unnecessary as these illustrative figures speak for themselves.").

Given the difficulty in describing a design in words and the likelihood of confusing and/or misleading a jury, it is best to construe a design patent claim according to its pictorial setting. *Egyptian Goddess,* 543 F.3d at 679. The Court should

follow the lead of the Federal Circuit and other courts that have addressed claim construction in design patent cases by referring the jury to the drawings themselves as the propoer scope of the D'714 Patent.

### III. THE COURT SHOULD CONSTRUE THE CLAIM OF THE D'714 PATENT BASED SOLELY ON THE DRAWINGS

The Court should construe the claim of the D'714 Patent as follows:

> The ornamental design for a personal flotation device as shown in Figs. 1-8. The broken lines showing is for illustrative purposes only and forms no part of the claimed design.

Broken lines in the patent figures form no part of the claimed design. *See*, MPEP § 1503.02 (broken lines used to indicate "[s]tructure that is not part of the claimed design . . . [including] any portion of an article in which the design is embodied or applied to that is not considered part of the claimed design."). The D'714 Patent uses broken lines in Figs. 1, 2 and 6-8, and thus it is appropriate to construe the claim such that the broken lines form no part of the claimed design.

The prosecution history of the D'714 Patent also supports Coleman's position. During prosecution, the Examiner, in an Office Action dated January 14, 2010, rejected the sole claim in the application based upon an indefiniteness argument suggesting that the drawings of the claimed design were confusing and of inconsistent quality. (*See* Declaration of Michael R. Annis in support of Coleman's Opening Claim Construction Brief ("Annis Dec."), Exh. E, excerpts from the USPTO's prosecution file for the D'714, at COLEMAN0000254—264.) Coleman submitted replacement drawings to simply clarify the purported discrepancies of the original drawings. (*Id.* at COLEMAN0000241—245.) Importantly, the substitute drawings did not alter or change the claimed design or add anything new to the claim. (*Id.* at COLEMAN0000247.) The Notice of Allowability dated May 10, 2010 accepted the replacement drawings and allowed the single claim in the D'714 Patent application,

confirming that no new matter was added to the drawings. (*Id.* at COLEMAN0000236—240); s*ee* 35 U.S.C. § 132; 37 CFR § 1.121; MPEP § 1504.04. As a result, Coleman did not surrender anything during prosecution of its design application as no new matter was added to the replacement drawings. Again, such drawings were filed simply to clarify the design, not change it.

### IV. THE LAW OF DESIGN PATENT FUNCTIONALITY

#### A. Functionality is a Defense to an Infringement Claim

Functionality is a defense to an infringement claim and must be proved by the party asserting the defense. *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993). Applying the presumption of validity, 35 U.S.C. § 282, invalidity of a design patent must be established by clear and convincing evidence. *Id.* As such, courts generally addressed functionality at the conclusion of evidence as an affirmative defense to infringement.

#### B. The Court Should Determine Whether There Are Any Purely Functional Elements Only on a Full Record at the Conclusion of all Evidence

Eventually the Court will need to determine whether any features of the claimed design are "purely functional," "driven purely by utility," or "dictated by their functional purpose." *Egyptian Goddess*, 543 F.3d at 680 (trial court's guidance to jury includes "distinguishing between those features of the claimed design that are ornamental and those that are purely functional").

The fact-intensive determination as to whether a feature is purely functional is best made at the conclusion of all evidence, when both parties have had the opportunity to present a full factual record. *See, Richardson*, 597 F.3d 1288 (affirming district court's claim construction on functional elements rendered at conclusion of bench trial).

District courts have long recognized that it is preferable to have a full factual record before making a functionality determination, especially when the elements are in dispute. *See Dexas Int'l, Ltd. v. Tung Yung Int'l, Inc.*, 2008 WL 4831348, at *12 (E.D. Tex. 2008) (deferring consideration of functional elements until trial because of "ongoing dispute over what constitutes functional elements, and the issue being a question of fact"); *Sofpool, LLC v. Intex Rec. Corp.*, 2007 WL 4522331, at *5 (E.D. Tex. 2007) ("it is appropriate to defer functionality determinations to trial" because it is an issue of fact); *ADC Telecomms., Inc. v. Panduit Corp.*, 200 F.Supp.2d 1022, 1033 (D. Minn. 2002) (abstaining from determining functionality in claim construction because "[f]actual issues permeate[d the parties'] contentions").

The well-publicized *Apple v. Samsung* case took the same approach. In its Order Regarding Design Patent Claim Construction, the court determined it would "provide a supplemental claim construction *at the close of evidence* addressing any potential functional limitations to the scope of the design patents-in-suit." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 3071477, at *1 (N.D. Cal. 2012) (emphasis added). The court chose to supplement its claim construction after the Federal Circuit held that the district court "erred in finding that" in a prior motion for a preliminary injunction that a prior art reference "created the same visual impression" as a design patent at issue. *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 678 F.3d 1314, 1330 (Fed. Cir. 2012).

Identifying specific design elements in an initial claim construction may also place improper emphasis on those elements and lead the jury into an erroneous "element-by-element" view of the asserted design at an early stage. *See DePaoli v. Daisy Mfg. Co., Inc.*, 2009 WL 2145721, at *5 (D. Mass. 2009) (a verbal construction that "describes *only* those elements that are implicated by prosecution history and functionality would place undue emphasis on those few elements. This is precisely the danger against which the *Egyptian Goddess* court cautioned.") (emphasis in original).

By deferring findings on functionality until the conclusion of evidence, the Court also eliminates the possibility that it would need to alter any prior findings regarding the functionality of any elements. Such a shift in the claim construction—even if legally correct—would be confusing to jurors.

### C. Discovery Secured To Date Shows No Aspect of The D'714 Patent is "Functional"

Here, the record developed through discovery does not in any way support Sport Dimension's suggestion that any aspect of the D'714 Patent is "functional." To the contrary, depositions secured of the three fact witnesses who have testified so far in this matter, including the inventor of the D'714 Patent, provide that numerous design alternatives are available to designers of PFDs. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (*See* Declaration of Michael R. Annis in support of Coleman's Opening Claim Construction Brief ("Annis Dec."), Exh. B, excerpts for the 30(b)(6) deposition of Stu Meether ("Coleman 30(b)(6) Dep."), vol. 1, 34: 11-15, vol. 2, 330: 8-15; Exh. D, excerpts from the deposition of Ralph Steger ("Steger Dep."), 220:25-221:7; Exh. C, excerpts from the deposition of Yiyun Culp ("Culp Dep."), 48:11-16.) ████████████████████████████████████████████████████████████████████████████████████████ (Annis Dec., Exh. D, Steger Dep., 216;19-23; Exh. C, Culp Dep., 48:11-16, and 63:12-64:1.) ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (*Id.*, Exh. D, Steger Dep., 216:24 - 217:8.)

Importantly, the D'714 Patent simply claims the ornamental design as shown in the drawings. Even so, the marketplace is replete with PFDs that are USCG approved and UL certified that look nothing like the design in the D'714 Patent. (Annis Dec., Exh. A.) In short, one does not need to copy or mimic the design of the D'714 patent in order to compete in the PFD marketplace. To emphasize this point, below are depictions of both adults and child PFDs, all of which are USCG approved, that look completely different from the design claimed in the D'714 Patent.[1]



(Annis Dec., Exh. A.)

As noted above, in order to be found "functional" and not patentable, a design must be "purely functional." *Egyptian Goddess,* 543 F.3d at 680. To be "purely functional," the design claimed must be "dictated solely by its function." *Best Lock Corp. v. Ilco Unican Corp.*, 94 F.3d 1563, 1566 (Fed. Cir. 1996). A design is not

---

[1] Above: Figs. 1 and 8 of the D'714 Patent; from Left to Right: Harmony AF 6.5 Life Jacket – PFD, Stohlquist Nemo PFD – Infants', Body Glove Youth's Vision USCG PFD, Body Glove Infant's Vision USCG PFD

"dictated solely by its function" when alternative designs for the subject device are available. *Id.* at 1566 (Fed. Cir. 1996); *L.A. Gear*, Inc., 988 F. 2d 1117 at 1123 ("When there are several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily ornamental purpose.") The design claimed by the D'714 Patent was not "dictated by function" as many alternative designs are available to designers of PFDs in order to perform the purpose of acting as a floatation aid.

Sport Dimension now suggests that it has retained an individual to provide opinion testimony on the subject of functionality in relation to the D'714 Patent. However, as of the date of this submission, Sport Dimension has not provided a Rule 26(a) compliant report for this witness nor provided the detail of her proposed testimony. Coleman assumes the same may be provided for the first time with Sport Dimension's opening claim construction brief, due at the same time this brief is submitted. There can be no question that discovery on the issue of functionality is just beginning in this case and is far from being completed.

The evidence will show, once given the opportunity to be fully developed, that a multitude of design alternatives were/are available for personal flotation devices, including the decision of (1) whether to use armbands and, if so, their individual design, (2) the shape and configuration of any torso element, and (3) the attachment, if any, of any such arm bands to any torso element. To say that the design of the D'714 Patent, or any of its aspects, is "functional" as claimed by Sport Dimension is without merit and is certainly not an appropriate topic for claim construction. Sport Dimension will have ample time to try to prove functionality of the D'714 Patent design at the close of all evidence, which burden it carries by clear and convincing evidence. Even Sport Dimension admits that "fact discovery" is still ongoing and a full evidentiary record has not yet been developed. (*See*, Joint Claim Construction and Prehearing Statement [Dkt. 35], p.6 and Exh. B, note 1.)

## V. CONCLUSION

The Court should not make a detailed verbal claim construction of the D'714 Patent. The Court should make functionality determinations only at the conclusion of all evidence based on a full record at that time.

> HUSCH BLACKWELL LLP
>
> /s/   Michael R. Annis
>
> *Attorneys for Defendant/Counterclaimant The Coleman Company, Inc.*

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4041 MacArthur Boulevard, Suite 300, Newport Beach, CA 92660.

On October 20, 2014 I served, in the manner indicated below, the foregoing document described as **COLEMAN'S OPENING DESIGN PATENT CLAIM CONSTRUCTION BRIEF** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Newport Beach, addressed as follows:

| | |
|---|---|
| Yuri Mikulka<br>Sarah S. Brooks<br>Stradling Yocca Carlson and Rauth<br>660 Newport Center Drive Suite 1600<br>Newport Beach, CA 92660-6422 | Attorneys for Sport Dimension, Inc.<br><br>949-725-4000<br>Fax: 949-725-4100<br>Email: ymikulka@sycr.com<br>Email: sbrooks@sycr.com |

☐ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Newport Beach, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (F.R.C.P. 5(b)(2)(C).

☒ BY ELECTRONIC SERVICE: I caused such document to be delivered by electronic service as it has been authorized and agreed upon to service electronically in this action to the parties below, to the email addresses listed below. (F.R.C.P. 5(b)(2)(E)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 20, 2014, at Newport Beach, California.

_/s/ Karen M. Hurdle_
Karen M. Hurdle

- 1 -
PROOF OF SERVICE

AFDOCS/10955928.1