YURI MIKULKA, SBN 185926
(ymikulka@sycr.com)
SARAH S. BROOKS, SBN 266292
(sbrooks@sycr.com)
BRADLEY E. MARRETT, SBN 288079
(bmarrett@sycr.com)
STRADLING YOCCA CARLSON &
RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

Attorneys for Plaintiff and
Counter-defendant,
SPORT DIMENSION, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SPORT DIMENSION, INC., a California Corporation, | CASE NO. 2:14-cv-00438-BRO-MRW |
| Plaintiff, | Hon. Beverly O'Connell<br>Courtroom: 14 |
| THE COLEMAN COMPANY, INC., a Delaware Corporation, | **SPORT DIMENSION, INC'S OPPOSITION CLAIM CONSTRUCTION BRIEF** |
| Defendants. | |
| THE COLEMAN COMPANY, INC., a Delaware Corporation, | **Claim Construction Hearing**: |
| Counter-claimant, | Date: November 17, 2014<br>Time: 1:30 p.m. |
| vs. | |
| SPORT DIMENSION, INC., a California Corporation, | |
| Counter-defendant. | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................ 1

II.   ARGUMENT ..................................................................................... 3

    A.   Coleman Mistakenly Argues That Claim Construction Should Be Based Solely On The Drawings And Not Reduced to Words ........ 3

    B.   Determination of Prosecution Disclaimer is Necessary Given Coleman's Attempt to Read Into Those Disclaimers .......................... 6

    C.   Claim Construction Is Necessary To Factor Out Functional Features of the Design ....................................................................... 8

    D.   Coleman Fails To Rebut That The Design of the Armbands and Associated Parts Are Dictated by Function ........................................ 9

    E.   Coleman's Failure To Conduct Diligent Discovery Should Not Be The Basis For Delaying The Required Claim Construction ........ 14

III.  SUMMARY OF PROPOSED CONSTRUCTION ..................................... 16

    A.   Functionality Construction ................................................................ 16

    B.   Prosecution Disclaimers Construction .............................................. 16

IV.   CONCUSION .................................................................................. 17

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**CASES**

*ADC Telecommunications, Inc. v. Panduit Corp.*,
    200 F. Supp. 2d 1022 (D. Minn. 2002) ................................................ 8

*Apple, Inc. v. Samsung Electronics, Inc.*,
    678 F.3d 1314 (Fed. Circ. 2012) ........................................................ 8

*Butler v. Balkamp, Inc.*,
    2014 U.S. Dist. LEXIS 122464 (S.D. Ind. Sept. 3, 2014) ................................... 4

*Carlini Enterprises, Inc. v. Paul Yaffe Design, Inc.*,
    2014 WL 4060026 (C.D. Cal. Aug. 15, 2014) ...................................... 8

*Carson Cheng v. AIM Sports*,
    10-cv-3814, 2011 U.S. Dist. LEXIS 42462 (C.D. Cal. Apr. 14, 2011) .............. 5

*Degelman Indus. v. Pro-Tech Welding & Fab., Inc.*,
    Civ. No. 06-cv-6346, 2011 U.S. Dist. LEXIS 150187 (W.D.N.Y. May
    27, 2011) ............................................................................................ 5

*Dexas Int., Ltd. v. TungYung Int.*,
    2008 WL 4831348 (E.D. Tex. June 24, 2008) ...................................... 8

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
    543 F.3d 665 (Fed. Cir. 2008) ...................................................... 3, 8

*Hutzler Mfg. Co. v. Bradshaw Int'l, Inc.*,
    11 Civ. 7211, 2012 U.S. Dist. LEXIS 103864 (S.D.N.Y. Jul. 24, 2012) ............. 5

*Keurig, Inc. v. JBR, Inc.*,
    2013 U.S. Dist. LEXIS 73845 (D. Mass. May 24, 2013) .................. 4, 5, 12, 13

*McIntire v. Sunrise Specialty Co.*,
    944 F. Supp. 2d 933 (E.D. Cal. 2013) .................................................. 8

*Moose Toymakers Ltd. v. Majik Ltd., LLC*,
    Civ. No. 10-4934, 2011 U.S. Dist. LEXIS 90269 (D.N.H. Aug. 12, 2011) ........ 8

*OddzOn Prods., Inc. v. Just Toys, Inc.*,
    122 F.3d 1396 (Fed. Cir. 1997) ............................................... 8, 10, 11

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ii

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

LITIOC/2105636v3/102566-0002

*Pacific Coast Marine Windshields Ltd. v. Malibu Boats, LLC,*
739 F. 3d 694 (Fed. Cir. Jan. 8, 2014) ............................................................ 6, 7

*PHG Techs., LLC v. St. John Cos.,*
469 F.3d 1361 (Fed. Cir. 2006) ...................................................................... 10

*Phillips v. AWH Corp.,*
415 F.3d 1303 ................................................................................................ 6

*Pride Family Brands, Inc. v. Carl's Patio, Inc.,*
992 F. Supp. 2d 1214 (S.D. Fla. 2014) .......................................................... 5

*Richardson v. Stanley Works, Inc.,*
597 F.3d 1288 (Fed. Cir. 2010) ...................................................................... 1

*Sofpool, LLC v. Intex Recreation Corp.,*
2007 WL 4522331 (E.D. Tex. Decl. 19, 2007) ............................................... 8

*Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc.,*
CV 11-6990, 2012 U.S. Dist. LEXIS 156373 (C.D. Cal. Oct. 31, 2012) ........... 5

*Stern v. SeQual Techs., Inc.,*
840 F. Supp. 2d 1260 (W.D. Wash. 2012) ..................................................... 16

*Sun-Mate Corp. v. Koolatron Corp.,*
Case No. CV 10-4735, 2011 U.S. Dist. LEXIS 84726 (C.D. Cal. Aug. 1,
2011) ............................................................................................................... 5

*Wallace v. Idea Vill. Prods. Corp.,*
Civ. No. 06-cv-5673, 2014 U.S. Dist. LEXIS 129020 (D.N.J. Sep. 15,
2014) ............................................................................................................... 5

*Z Produx, Inc. v. Make-Up Art Cosmetics, Inc.,*
2013 U.S. Dist. LEXIS 159256 (C.D. Cal. Nov. 5, 2013) ........................ passim

**STATUTES**

35 U.S.C. 112 .................................................................................................. 7

35 U.S.C. § 171 .............................................................................................. 14

**OTHER AUTHORITIES**

http://www.youtube.com/watch?v=E8Y_xL69eCs .................................... 11, 12

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

iii

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

LITIOC/2105636v3/102566-0002

1

Rule 56(d) ........................................................................................... 16

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iv

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

LITIOC/2105636v3/102566-0002

# I.      INTRODUCTION

Coleman's arguments in its Opening Claim Construction Brief are full of contradictions.  First, Coleman argues that the Court must avoid any construction of the D623,714 Patent (the "D'714 Patent") beyond the images in the patent figures, but at the same time refuses to recognize the changes it made to those same figures to get around a claim rejection during prosecution.  Next, Coleman urges the Court to wait until it completes discovery to determine the functionality of the design, but then it fails to identify what additional discovery it would have taken or to acknowledge that it has declined to conduct discovery.  For the following reasons, Coleman's arguments should be rejected, and a claim construction should be ordered that limits the D'714 Patent to only the ornamental features not disclaimed during prosecution.

*First,* there is no legal requirement that claim construction of a design patent cannot be described in words.  To the contrary, the Court of Appeals for the Federal Circuit (the "Federal Circuit") has held there is no effective way to construe a patent "in a way other than by describing the features shown in the drawings."[1] Here, Sport Dimension is not requesting a complex verbal description.  Rather, it simply seeks to factor out of the D'714 Patent the functional elements and disclaimed interpretations, which cannot be deemed "new" or "original" ornamental designs.

*Second,* Coleman's denial that it made prosecution disclaimers is specious.  Coleman argues its replacement drawings merely "clarified" rather than "changed" the design.  This is a distinction without a difference.  Coleman cannot deny that in response to the United States Patent & Trademark Office's ("PTO") claim rejection, it submitted "replacement drawings," which modified and surrendered certain design features to get around the PTO's claim rejection.  These changes led to the patent issuance; by definition, those changed elements were disclaimed.

---

[1] *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1294 (Fed. Cir. 2010).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

LITIOC/2105636v3/102566-0002

*Third,* Coleman argues that the Court should wait until after close of discovery to make a functionality determination.  The law and the facts do not compel Coleman's position.  To the contrary, where a design is found to include both functional and ornamental features, the court *must* factor out the functional aspects of the design as part of claim construction.  Likewise, Coleman provides no compelling reason to wait; it has not identified any discovery it would have conducted or stated what that discovery may reveal; all discovery necessary for a claim construction to move forward has already been completed.  Indeed, the parties have completed several rounds of discovery, obtained documents, and conducted several depositions, including taking the deposition of the inventor.  For its part, Coleman apparently believes no additional discovery is necessary as it has not even requested the deposition of expert Susan Balistreri or any of Sport Dimension's witnesses or third parties.  In short, there is nothing to be gained by delay.  Here, the issue of functionality is straightforward given the simple design at issue.  Moreover, there is much to be gained from a claim construction now, as claim construction is vital to streamlining the case.

*Finally,* Coleman's argument that there are other PFD designs without armbands is legally and factually insufficient; indeed, it misses the point that *this* device at issue cannot function without the elements at issue.  As the Federal Circuit and Central District Courts have recognized, even if the disputed features may not be necessary in alternative designs, they are functional and not ornamental if they are necessary to *this* patent design.  By way of example, speed boats have hulls and pontoon boats have pontoons; while both designs keep a boat afloat, nobody would suggest the pontoons on a pontoon boat are not functional because another type of boat can float without pontoons.  Here, the patent prosecution history, admissions of the inventor Ralph Steger, and the expert opinions of Susan Balistreri, and Coleman's marketing materials uniformly compel a similar conclusion: the armbands, the armband attachments, the armband placement, and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**
LITIOC/2105636v3/102566-0002

the tapered configuration of the D'714 design are dictated by function and are necessary for *this* PFD design.  Without these features, this PFD would not float or be usable.

In short, the D'714 Patent is far more limited than Coleman hopes to insinuate to a jury.  Sport Dimension respectfully requests that the Court factor out the functional features and disclaimed interpretations and give the D'714 Patent an appropriate claim construction.  This is important to motivate early resolution of the case, to streamline the trial presentation, to avoid irrelevant and prejudicial arguments and jury confusion, and to conserve judicial resources.

II.     ARGUMENT

    A.     **Coleman Mistakenly Argues That Claim Construction Should Be Based Solely On The Drawings And Not Reduced to Words**

Coleman's opening brief advocates a "construction" that is nothing more than the images of the patent figures and generic design patent verbiage used in the D'714 Patent: "the ornamental design for a personal flotation device as shown in Figs. 1-8.  The broken line showing is for illustrative purposes only and forms no part of the claimed design."[2]  That is no construction at all, and would leave the jury with the erroneous impression that the D'714 Patent protects generalized design concepts such as armbands, armband attachments, and tapered sides; further, it would erroneously indicate that no prosecution disclaimers were made.

Coleman relies on *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665 (Fed. Cir. 2008) and inapposite cases for its position that the Court should not assign verbal construction to the D'714 Patent.  To the contrary, the *Egyptian Goddess* court noted that "absent a showing of prejudice, the court's decision to issue a relatively detailed claim construction will not be reversible error."[3]

Indeed, the Federal Circuit and recent Central District cases have rejected

---

[2] Declaration of Yuri Mikulka In Support of Opening Claim Construction Brief ["Mikulka Decl. 1"], Ex. B, at SD159.)
[3] 543 F.3d at 679.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

3

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**
LITIOC/2105636v3/102566-0002

the notion that claim construction must be limited to the generic description and drawings in the patent.  For instance, in *Z Produx, Inc. v. Make-Up Art Cosmetics, Inc.*, 2013 U.S. Dist. LEXIS 159256 (C.D. Cal. Nov. 5, 2013) (Hon. D. Pregerson), the court accepted the alleged infringer's proposed verbal description of a design patent.  While noting the figures in the patent would serve as touchstones for infringement analysis, the court held it was necessary to provide a verbal description of the claimed ornamental elements of the patented design. The court reasoned that:

> Neither Egyptian Goddess nor any other case of which this court is aware has articulated the position that courts must refrain from any verbal description of the elements whatsoever.  Indeed, the Federal Circuit specifically rejected this position in *Richardson*, raising the question of "how a court could effectively construe design claims, where necessary, in a way other than by describing the features showing the drawings (citation omitted)."[4]

Similarly, there is no effective way to exclude the functional and disclaimed elements "in a way other than by describing the features shown in the drawings." Here, Sport Dimension's description of the functional and disclaimed features at issue are straightforward, fair, and accurate and should be adopted.

Coleman cites a string of cases that are plainly distinguishable.  Several cases actually support Sport Dimension's request for an appropriate construction. For example, in *Butler v. Balkamp, Inc.*, 2014 U.S. Dist. LEXIS 122464 (S.D. Ind. Sept. 3, 2014), rather than refraining from a claim construction, the court factored out functional aspects from the design patent's claim, construing the claim as: "[t]he ornamental design of a tool handle, as shown and described, *excluding the functional front and rear square drive ends*."[5]  Likewise, in *Keurig, Inc.*, the court held that the "general tapered shape of the filter," similar to the tapered shape of the armbands and torso in this case, was functional and therefore excluded from

---

[4] *Z Produx, Inc. v. Make-Up Art Cosmetics, Inc.*, 2013 U.S. Dist. LEXIS 159256 at *16-*17.
[5] *Id.* at *6.

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2105636v3/102566-0002

1   the claimed design.[6]  Coleman's other cases are distinguishable either on their law,

2   facts, or both.  Six of the thirteen remaining string cited cases do not involve issues

3   of either functionality or prosecution disclaimers.[7]  The seven other cases fail to

4   support Coleman's position because the courts there *did* engage in a claim

5   construction, though they declined the proposed constructions on the particular

6   facts of the case.  In short, the Court should not be persuaded by the length of

7   Coleman's string cite.  The cases are inapposite to the unique facts here.

8          Moreover, even those courts that have relied primarily on the patent figures

9   for claim construction typically do so only after they factor out unprotected

10  portions of the design.[8]  Hence, even if the Court declines to give a verbal

11  description to the claim, it would be appropriate to first exclude the functional and

12  disclaimed features.  Under that scenario, the Court's construction can be as

13  follows:

14         The following features are functional and not ornamental and must be

15  excluded from the claim of the D'714 Patent:[9]

16         • The armbands;

17         • The armband attachment and placement;

18         • The tapered configuration of the armbands; and

19         • The tapered side torso.

20  ─────────────────
    [6] *Keurig, Inc. v. JBR, Inc.*, 2013 U.S. Dist. LEXIS 73845, *23 (D. Mass. May 24,
21  2013),
    [7] *See Degelman Indus. v. Pro-Tech Welding & Fab., Inc.*, Civ. No. 06-cv-6346,
22  2011 U.S. Dist. LEXIS 150187 (W.D.N.Y. May 27, 2011); *Sun-Mate Corp. v.
    Koolatron Corp.*, Case No. CV 10-4735, 2011 U.S. Dist. LEXIS 84726 (C.D. Cal.
23  Aug. 1, 2011); *Hutzler Mfg. Co. v. Bradshaw Int'l, Inc.*, 11 Civ. 7211, 2012 U.S.
    Dist. LEXIS 103864 (S.D.N.Y. Jul. 24, 2012); *Solar Sun Rings, Inc. v. Wal-Mart
24  Stores, Inc.*, CV 11-6990, 2012 U.S. Dist. LEXIS 156373 (C.D. Cal. Oct. 31,
    2012); *Pride Family Brands, Inc. v. Carl's Patio, Inc.*, 992 F. Supp. 2d 1214 (S.D.
25  Fla. 2014); *Wallace v. Idea Vill. Prods. Corp.*, Civ. No. 06-cv-5673, 2014 U.S.
    Dist. LEXIS 129020 (D.N.J. Sep. 15, 2014).
26  [8] *See Carson Cheng v. AIM Sports*, 10-cv-3814, 2011 U.S. Dist. LEXIS 42462,
    *14-*17 (C.D. Cal. Apr. 14, 2011) (issuing a claim construction order that
27  excluded the features that the court held was functional).
    [9] Mikulka Decl. 1, Ex. A (Claim  Construction Chart), Nos. 1-4; Declaration of
28  Yuri Mikulka in Support of Opposition Claim Construction ("Mikulka Decl. 2"),
    Ex. W (Coleman's Disclaimer Chart).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

5

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

LITIOC/2105636v3/102566-0002

*See* Ex. A (Claim Construction Chart, Item Nos. 1-4).

The following interpretations were disclaimed and must be excluded from the claim of the D'714 Patent:[10]

- Armband attachments without a triangular shaped material;
- Hard armband edges;
- Untapered armbands;
- Vertical edges at the top torso corners; and
- Top torso that is not straight.

*See* Ex. A (Claim Construction Chart, Item) Nos. 5-9; Ex. W (Coleman's Disclaimers Chart).

Allowing Coleman unbridled reign on the scope and construction of the asserted design patent, as it seeks now, will only serve to confuse the jury, waste juridical resources, and prejudice Sport Dimension.  The issue of claim interpretation is purely a matter of law within the exclusive province of the Court and must be completed before conducting an infringement analysis.  Streamlining the case as proposed at this stage will promote early resolution, guide the parties' trial presentation, and conserve judicial resources.

### B.   Determination of Prosecution Disclaimer is Necessary Given Coleman's Attempt to Read Into Those Disclaimers

Where the applicant surrenders certain features of the design during prosecution in order to get around the claim rejection, a claim construction is necessary to narrow the scope of the patent.[11]  Here, despite the importance it places on the patent figures for claim construction, Coleman urges the Court to ignore the changes it made to those same figures to overcome the PTO's rejection

---

[10] *Id.,* Nos. 5-9.
[11] *See Pacific Coast Marine Windshields Ltd. v. Malibu Boats, LLC,* 739 F. 3d 694 (Fed. Cir. Jan. 8, 2014) (recognizing that prosecution disclaimers apply to design patents); *see also Phillips v. AWH Corp.,* 415 F.3d 1303, 1317 ("prosecution history can often inform … whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be.")

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

LITIOC/2105636v3/102566-0002

of the patent.  It refuses to recognize them as disclaimers, arguing vaguely that "no new matters were added" and that they were merely "clarifications," not "changes."[12]  There is no legal support for Coleman's manufactured distinction between "clarification" and "changes," or its insistence that a new matter must be added to qualify as a prosecution disclaimer.  Instead, where the applicant surrenders certain features of the design during prosecution in order to secure the patent, a claim construction that narrows the scope of the patent must be made.[13]

Here, Coleman submitted "replacement drawings" to get around the PTO's 35 U.S.C. 112 indefiniteness rejection relating to the inconsistent and confusing drawings.  The replacement drawings expressly surrendered the following construction of the design and hence should be excluded from the claim of the D'714 Patent:[14]

- Armband attachments without a triangular shaped material;
- Hard armband edges;
- Untapered armbands;
- Vertical edges at the top torso corners; and
- Top torso that is not straight.

Ex. W (Prosecution Disclaimer Chart); Ex. A (Claim Construction Chart).

Coleman's refusal to acknowledge these changes or stipulate to their disclaimers highlights the importance of construing the D'714 patent now, giving a construction that recognizes the relevant disclaimers, so to avoid the potential for jury confusion and reversible error.

---

[12] ECF No. 36 at 5.
[13] *See Pacific Coast*, 739 F.3d at 702-04 (upholding the district court's construction that the applicant had surrendered the designs reflected in the canceled figures during prosecution in order to obtain the patent, but remanded on other basis).
[14] *See* Mikulka Decl., Ex. A (Claim Construction Chart); Ex. W (Coleman's Disclaimer Chart).

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

## C.   Claim Construction Is Necessary To Factor Out Functional Features of the Design

Coleman's argument that the Court should defer its functionality determination has no support in fact or law.  In contrast, "[w]here a design contains both functional and nonfunctional elements, the scope of the claim **must** be construed in order to identify the nonfunctional aspects of the design shown in the patent."[15]

Coleman relies on cases which are factually distinguishable.[16]  Here, the features at issue are distinct features directed to PFD armbands and associated

_____

[15] *See, e.g., OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997) (emphasis added); *Z Produx, Inc. v. Make-Up Art Cosmetics, Inc.,* 2013 U.S. Dist. LEXIS 159256 (C.D. Cal. Nov. 5, 2013; *Egyptian Goddess*, 543 F.3d 665, 680 (Fed. Cir. 2008 (where a design contains both functional and nonfunctional elements, the scope of the claim must be construed in order to identify the nonfunctional aspects of the design as shown in the patent."); *McIntire v. Sunrise Specialty Co.*, 944 F. Supp. 2d 933 (E.D. Cal. 2013) (rejecting plaintiff's argument that the design must be reviewed as a whole; holding instead that it is only the "distinctive ornamental design" that should be considered.); *see also Moose Toymakers Ltd. v. Majik Ltd., LLC*, Civ. No. 10-4934, 2011 U.S. Dist. LEXIS 90269 (D.N.H. Aug. 12, 2011) (construing claim to exclude functional aspects of design).

[16] *See ADC Telecommunications, Inc. v. Panduit Corp.*, 200 F. Supp. 2d 1022 (D. Minn. 2002) (a decision on summary judgment, the court did not consider the issue of whether any aspect of the claimed design must be "factored out" as part of claim construction); *Dexas Int., Ltd. v. TungYung Int.,* 2008 WL 4831348 at *12 (E.D. Tex. June 24, 2008) (deferring claim construction until trial because the defendant's representation that functionality was undisputed was not accurate, leaving the court without an adequate record on which to determine which elements of the claimed designs were functional); *Sofpool, LLC v. Intex Recreation Corp.,* 2007 WL 4522331 at *4 (E.D. Tex. Decl. 19, 2007) ( although the court noted in dicta that other courts have deferred the functionality analysis until trial, the court proceeded to construe the design patents at the claim construction stage); *Apple, Inc. v. Samsung Electronics, Inc.*, 678 F.3d 1314, 1330 (Fed. Circ. 2012) (The Federal Circuit never reached the issue of the district court's claim construction, or the issue of functionality.  Instead, the Federal Circuit's review was limited to review of the district court's denial of a preliminary injunction); *Carlini Enterprises, Inc. v. Paul Yaffe Design, Inc.,* 2014 WL 4060026 (C.D. Cal. Aug. 15, 2014) (finding that each of the disputed features include both ornamental and functional features and that it would have be difficult to verbalize the ornamental features from the functional ones – the grips, uprights, and the center section of the motorcycle bar design).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

1   parts, which the Court can easily verbalize and factor out from D'714 Patent.

2   These features are:

3           • The armbands;

4           • The armband attachment and placement;

5           • The tapered configuration of the armbands; and

6           • The tapered side torso.[17]

7   Factoring out these functional aspects of Coleman's designs will promote

8   efficiency, streamline the parties' presentations at trial, and reduce the probability

9   of jury confusion.  This is a simple exercise, given the overwhelming,

10  uncontroverted evidence and commonsense that these features are functional and

11  not ornamental.

12  **D.      Coleman Fails To Rebut That The Design of the Armbands and**

13  **         Associated Parts Are Dictated by Function**

14  Coleman argues that the D'714 design is not functional because there are

15  other PFDs with different designs.[18]  However, Coleman mistakenly focuses on

16  functionality of the device as a whole, rather than of the individual features—the

17  armbands and the associated parts.

18  This same argument was rejected in a recent case in the Central District.

19  In *Z Produx, Inc. v. Make-Up Art Cosmetics, Inc.,* 2013 U.S. Dist. LEXIS 159256

20  at *10-11, the patentee argued that the clear window and the empty base of a

21  cosmetic case palette are not functional because other palettes are designed without

22  the same features and are able to function as cosmetic palettes.  Judge Pregerson

23  disagreed, noting that the patentee's argument mistakenly focused on the

24  functionality of the device as a whole, rather than the functionality of the

25  individual features.  The court held that the fact that there are alternative designs

26  does not mean that the elements at issue were ornamental.  The court determined

27

28  [17]Mikulka Decl. ¶ 1, Ex. A (Claim  Construction Chart), Nos. 5-9.
    [18]ECF No. 36 at 9.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

9

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

LITIOC/2105636v3/102566-0002

1    that even if not necessary in every cosmetic palette, the clear top and empty base at

2    issue were functional and not ornamental because they added functionality to the

3    specific design.  In determining functionality, the court focused on the following

4    three factors:

5           First, the Court noted the functionality of the features: the Court noted that

6    consumers like the Z Palette because it allowed them to see through the window

7    and customize the palette.[19]   Second, the Court found the window and the empty

8    base were essential to the functionality they provide: a clear cover is the only way

9    to enable a user to view the palette's contents without opening it, and an empty

10   base is the only way to allow users to customize the palette's contents. [20] Third, the

11   Court found further support in that the identical features were protected by a utility

12   patent.[21]

13          Similarly, in *OddzOn Prods. v. Just Toys*, 122 F.3d 1396 (Fed. Cir. 1997),

14   the Federal Circuit Court held that even if there were alternative designs without

15   the disputed elements, the elements at issue (the tails and fins of a tossing ball)

16   were functional and not protected by the relevant design patent.[22]  The Court

17   reasoned that while a tail and fins are not necessary in every tossing ball design,

18   the features are "no less functional simply because 'tossing balls' can be designed

19   without them."[23]   Rather, because they added functionality to the design of the

20   patent at issue, the tails and fin were deemed functional.

[19] *Id.* at *13.
[20] *Id.* at *13-*14.
[21] *Id.* at *14-*15.  Even if there were alternative designs, the mere existence of alternative designs does not dictate that the design is ornamental.   There are several factors considered in determining whether a design is functional, including whether (1) the protected design represents the best design; (2) alternative designs would adversely affect the utility of the specified article; (3) there are any concomitant utility patents; (4) advertising touts particular features of the design as having specific utility; (5) there are any elements in the design or an overall appearance clearly not dictated by function.  *See PHG Techs., LLC v. St. John Cos.*, 469 F.3d 1361 (Fed. Cir. 2006) (quoting *Berry Sterling Corp. v. Prescor Plastics, Inc.*, 122 F.3d 1452, 1455 (Fed. Cir. 1997)).
[22] *Id.* at 1406.
[23] *Id.*

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

10

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

LITIOC/2105636v3/102566-0002

1    Here, Coleman cites to images of other PFD designs without armbands
2  (except for its own Puddle Jumper products) to try to show that the device can be
3  designed without these features.[24]  These designs, however, are inapplicable
4  because they are different devices.[25]  They comprise traditional life jacket designs
5  with covered shoulder and back, or life jacket designs with a collar piece around
6  the neck.[26]  In contrast, the D'714 design comprises a small front chest pad with no
7  coverage on the shoulder, neck, or back.  Like *OddzOn* and *Z Produx*, although the
8  armbands and associated parts of the D'714 patent may not be necessary in every
9  PFD, they are functional to *this* PFD because they are necessary.  The evidence
10  presented by both Coleman and Sport Dimension confirm this.

11    The D'714 PFD, without the armbands, *i.e.*, with just the chest pad, will not
12  keep the wearer afloat or balanced.[27]  Further, without the armbands, it can also
13  slip off, or worse yet, turn around on the wearer, which could result in the wearer's
14  face being forced downward into the water.[28]  Indeed, as the inventor testimony
15  and the patent application illustrate, the armbands ███████████████████
16  ████████████████████████████████████████████████ or a
17  "personal flotation device having armbands."[29] As highlighted in the patent
18  application, the utility of the device is the armbands—other Type III life jackets
19  without armbands are not as safe.[30]  As the inventor explained, and as evident in
20  the Puddle Jumper marketing video

---

[24] ECF 36-2 (Annis Decl.), Ex. A.
[25] Balistreri Decl., ¶¶28, 31.
[26] Annis Decl, Ex. A.
[27] Mikulka Decl. 1, Ex. E at SD0000485-486); Balistreri Decl., ¶¶8, 22-24. (USCG requires minimal 7 pounds of buoyancy; Ex. E (patent application), at SD000484.
[28] *Id*.; *see* http://www.youtube.com/watch?v=E8Y_xL69eCs) (video demonstrating how product is used and
[29] ████████████████████████████████████████████, ¶ ████████████ion relates generally to a personal flotation device and more particularly to *a personal flotation device having armbands"*) (emphasis added); Ex. N, ECF 39-15 (Steger Linkedin profile describing the invention as "armband attached to the chest pad").
[30] Ex. E (patent application), at SD000484.

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

1   (http://www.youtube.com/watch?v=E8Y_xL69eCs), ████████████████

2   ████████████████████████████████████

3   ██████.[31] They are also necessary to meet the buoyancy standards and to prevent

4   slip off, which are required for the device to work as intended as a USCG-

5   approved PFD.  USCG approval is particularly essential to this device and is

6   something Coleman touts consistently in its marketing materials.[32]  In sum, without

7   the armbands and associated parts, the device cannot function as intended or be

8   offered as a USCG approved float/swim device, as Coleman touts in in its

9   marketing materials.[33]

10          Second, Coleman has not presented any alternative designs or facts to rebut

11   the functionality of the armband placement, attachment, or the tapered

12   configuration.  This is because the armbands must be attached to prevent the

13   armbands or the chest pad from slipping off the wearer.  They are also required for

14   USCG approval.[34]  The armbands must also be placed as they are because, as aptly

15   put by the inventor: "██████████████████████████,"[35]

16          Finally, the tapering configuration of the armbands and side torso are

17   functional because they are required and necessary for fit.  In *Keurig, Inc. v. JBR,*

18   *Inc.,* 2013 U.S. Dist. LEXIS 73845 (D. Mass. May 24, 2013), a case cited by

19   Coleman, the tapering of the coffee filter was deemed functional and not

20   [31] Mikulka 2, Ex. X; (Steger ████████████████; Mikulka Decl. 1, Ex. E at
21   SD000484-486); *see* http://w████████=E8Y_xL69eCs (a
     marketing video depicting how of Puddle Jumper is u

22   [32] Balistreri Decl., ¶¶ 22-24.; Mikulka Decl. 1 and 2, ██████████████ ¶ 21:20-
     22:7, at 24:21-25:15, 26:1-27:3, 27:10-23; 28:5-7); E████████ion), at
23   SD000484; Ex. R (Coleman's marketing materials) (Coleman000626-630); Ex. S
     (Coleman's internal marketing study at Coleman at 0000406-407);
24   http://www.youtube.com/watch?v=E8Y_xL69eCs) (Puddle Jumper video).

     [33] See Mikulka Decl.1, Ex. R (Coleman's marketing materials) (Coleman000626-
25   630); Ex. S (Coleman's internal marketing study at Coleman at 0000406-407);
     http://www.youtube.com/watch?v=E8Y ████████████████
26   [34] ████████████████████████████████████

27   ████████████████████████████████████

28   ████████████████████████

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

1   ornamental.  The court reasoned that tapering was integral to effective coffee

2   brewing and noted that a utility patent application demonstrated that the tapering

3   configuration was the best embodiment. [36]  Not only is it the best embodiment, ███



7   ███████████.[38]  Hence, as the court construed in *Keurig*, the tapering

8   configuration of the armbands and side torso are functional, not ornamental, and

9   must be excluded from any infringement analysis.

10         Rather than demonstrating ornamentality, Coleman's alternative designs

11   confirm the opposite: the functionality of the features at issue.  For instance, none

12   of Coleman's proposed alternative designs include different type of armbands,

13   attachments, or placements.[39]  Also, each includes tapering of the torso or region

14   underneath the arms.[40]  Notably, even the Puddle Jumper swimsuit version, ████

15   ████████████████████ uses the *same* armband

16   shape, the *same* armband attachment and placement above the arms, and the *same*

17   tapered configuration in the armbands and the side torso, thereby confirming that

18   the armbands and the associated parts are dictated by function.[41]

19

20   [36] *Id.* at *23.
     [37] ██████████████████████████████████

21   ████████████████████████████████

22   ██████████████████████████████

23   ███████. 1, Ex. E at SD000485; *id.*, ¶ 15, Ex. X (████████████
     61:11-62:19; Balistreri Decl
     [39] ████████████████████████████

24   ██████████████████████████████████

25   ███████████████████████████████

26   [40] *Id.*

27   [41] Annis Decl, Ex. A, at Coleman00008474; Mikulka Decl. 2, Ex. Y (the non-
     patented Puddle Jumper s

28   ███████████████████████████████

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2105636v3/102566-0002

Not only has Coleman failed to present rebuttable evidence of applicable alternative designs, the inventor and the prosecution history file confirm the contrary: that there are no viable design alternatives. ███████████████████ ██████████████████████████████████████ ████████████████████████████████████ █████████████████████████████████.[43] Ms. Balistreri, with over 35 years of experience in the PFD industry, also opined that there are no viable alternative designs.[44]

Here, the issue is simple: are the designs of the armbands and the associated parts dictated by function?  The only logical conclusion, supported by the overwhelming evidence, is that they are.  In short, the D'714 Patent *cannot* work as intended without these specific functional features and therefore they are not ornamental.

Coleman's patent must be construed in a limited fashion to include only "new" and "original" ornamental designs.[45]  Here, the armbands and associated parts are neither new nor original, and should form no part of the claimed ornamental designs.

### E.   Coleman's Failure To Conduct Diligent Discovery Should Not Be The Basis For Delaying The Required Claim Construction

Coleman urges the court to wait until discovery is complete.  There is no reason for delaying the necessary claim construction.

As for the issue of prosecution disclaimers, because that is purely based on the prosecution history, no additional discovery is necessary.

[42] ███████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ 1, Ex. E (patent application) SD000484.
[44] Balistreri Decl., ¶¶ 28, 31.
[45] *See* 35 U.S.C. § 171.

14

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

As for the issue of functionality, no delay is justified because Coleman has declined to conduct additional discovery and has failed to identify what additional discovery it would have needed.

Coleman has been on notice since the beginning that it needed to conduct claim construction discovery. This case has been pending for nearly a year. The claim construction hearing has been set since April 14, 2014. ECF No. 22. Coleman has known all along that functionality is the key issue in the case. The pleadings have always emphasized functionality as the key issue.[46] Sport Dimension's discovery requests have specifically requested information on functionality.[47]

Coleman has failed to identify any additional discovery that it was deprived of taking. Coleman cannot complain about not having an opportunity to take expert Susan Balistreri's deposition because she was timely disclosed pursuant to the parties' stipulation; it was Coleman's choice to not take her deposition.[48] Indeed, Coleman has timely received Balistreri's detailed opinions and support for those opinions, and although it has declined to take her deposition, it will have the opportunity to rebut her opinions in its Opposition.[49]

In addition, Coleman has taken ample discovery. The parties have now exchanged interrogatory responses and documents, and have taken three depositions.[50] In particular, Coleman has taken the deposition of the inventor Mr. Steger–the person that Coleman identified as the person with the the sole knowledge on the issue of the patent. Indeed, Coleman also cites his testimony, as well as depositions of its corporate witnesses, to support its own claim construction brief.[51] Coleman has not requested or noticed any other depositions. To the extent

---

[46] Mikulka Decl. 2, ¶5.
[47] *See* Mikulka Decl.2, ¶14.
[48] *Id.,* ¶¶7-9, 12.
[49] *Id.,* ¶¶10-12; ECF 39-23 (Balistreri Decl.).
[50] *Id.* ¶¶7-9, 10, 13-15.
[51] *Id.* ¶¶12, 16-17.

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2105636v3/102566-0002

1    Coleman needed to conduct additional claim construction discovery, Coleman had

2    the duty and opportunity to do so in time for the claim construction, which the

3    Court has had on the calendar since April 2014.  In view of the above, Coleman's

4    request to delay claim construction so it can conduct additional discovery is

5    nothing but an empty excuse to avoid a necessary construction.

6         A party's intentional delay in completing discovery cannot be the basis for

7    delaying claim construction on a pivotal issue that is necessary to streamline the

8    case.[52]   In addition, there is no requirement that all discovery must be completed

9    before claim construction.  To the contrary, the purpose of a claim construction is

10   to streamline issues before discovery is completed so as to conserve resources and

11   to encourage settlement.

12   **III.   SUMMARY OF PROPOSED CONSTRUCTION**

13        Based On the foregoing, Sport Dimension requests that the Court adopt the

14   following proposed claim construction.

15        **A.   Functionality Construction**

16        "The following features are functional and not ornamental and must be

17   excluded from the claim of the D'714 Patent:

18        • The armbands;

19        • The armband attachment and placement;

20        • The tapered configuration of the armbands; and

21        • The tapered sides."

22        **B.   Prosecution Disclaimers Construction**

23        "The D'714 Patent was changed as follows during patent prosecution:

24        • The armbands are attached vertically with a triangular shaped material

25          attached to the body of the personal flotation device;

26        • The armbands are curved at the ends and do not include hard edges;

27   ───────────────────

[52] *Cf., e.g., Stern v. SeQual Techs., Inc.*, 840 F. Supp. 2d 1260, 1274-75 (W.D.

28   Wash. 2012) (denying request under Rule 56(d) to postpone ruling on summary
     judgment in patent case to allow parties to continue discovery).

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**

1      •   The armbands gradually taper thinner and symmetrically on both sides

2           on the bottom portion of the Armbands;

3      •   There is no gathering of vertical edges at the point where the PFD

4           torso and armbands attach; and

5      •   The top of the upper torso of the PFD is straight across, without a

6           sloped edge or a curve until the point just before where the top of the

7           torso meets the triangular-shaped material connected to the

8           armbands."

9        Alternatively, in lieu of a verbal description of the prosecution disclaimers,

10 they may be excluded as follows.

11        "The following interpretations were disclaimed and must be excluded from

12 the claim of the D'714 Patent:

13      •    Armband attachments without a triangular shaped material;

14      •    Armband edges;

15      •    Untapered armbands;

16      •    Vertical edges at the top torso corners; and

17      •    Top torso that is not straight."

18 **IV.**    **CONCUSION**

19        For the foregoing reasons, Sport Dimension requests that the Court reject

20 Coleman's construction and arguments and adopt Sport Dimension's claim

21 construction as proposed above.

22 Dated: November 3, 2014           STRADLING YOCCA CARLSON &

23                                   RAUTH, P.C.

24

25                            */s/ Yuri Mikulka* _____

26                            Yuri Mikulka, Esq.

                            Attorneys for Plaintiff/Counterclaim

27                             Defendant, Sport Dimension, Inc.

28

**SPORT DIMENSION'S OPPOSITION CLAIM CONSTRUCTION BRIEF**